## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| LEVI WILSON, individually, and M.W., by and through his next friend LEVI WILSON,<br><br>               Plaintiffs,<br>vs.<br><br>SCOTT LAMP, in his individual and official capacities, STATE OF IOWA, and JESSICA DORHOUT-VAN ENGEN, in her individual and official capacities, JOHN DOE, in his individual and official capacities,<br><br>               Defendants. | No. C 15-4070-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

_____

In this case, plaintiffs Levi Wilson and his minor son, M.W., assert various claims arising from a traffic stop and search, on or about September 23, 2014, by defendant law enforcement officers Scott Lamp and Jessica Dorhout-Van Engen. The officers stopped Levi Wilson's pickup truck in or near Orange City, Iowa, when the officers were looking for Levi's brother, David. The officers had been surveilling a park where they believed that David Wilson was going to meet the minor child he had previously been convicted of molesting, in violation of a no-contact order. David Wilson had also been identified by a store clerk in Sioux Center, Iowa, as the driver of a PT Cruiser that had driven off without paying for gas a short time before. The officers were aware that David Wilson sometimes used his brother's vehicles, so when they saw a pickup truck that they knew belonged to Levi Wilson leave the park, but could not immediately identify who was driving, they stopped the vehicle and approached with guns drawn. Officer Dorhout-Van Engen recognized Levi, and called him by name, before he exited the vehicle. Nevertheless, Officer Lamp still ordered Levi out of the vehicle, purportedly slammed

him against the truck, and patted him down, while continuing to point his gun at the back of Levi's head. At some point, the officers holstered their guns. One or both officers looked into the cab of the truck, where they discovered M.W., and looked into the covered back of the truck, but did not find David Wilson. The officers then departed, according to Wilson, because they saw a PT Cruiser they wanted to check.

The Wilsons filed a petition in state court alleging, in Count I, unreasonable search and seizure in violation of the Iowa and United States Constitutions; in Count II, use of excessive force in violation of the Iowa and United States Constitutions; in Count III, intentional infliction of emotional distress; in Count IV, invasion of privacy; in Count V, negligence; and in Count VI, a claim pursuant to the Iowa Tort Claims Act. *See* Petition (docket no. 3). The defendants removed this action to this federal court pursuant to federal question jurisdiction and moved to dismiss. In addressing those motions to dismiss, I reserved ruling on the Wilsons' Iowa constitutional claims in Counts I and II, but denied the motions to dismiss the federal constitutional claims; substituted the State of Iowa for defendant Lamp on the state tort claims in Counts III and IV;[1] dismissed Count V for failure to exhaust administrative remedies; and dismissed Count VI as not a free-standing cause of action. *See* Memorandum Opinion And Order (docket no. 16).

This case is now before me on defendant Dorhout-Van Engen's September 1, 2016, Motion For Partial Summary Judgment (docket no. 32) and the September 16, 2016, Motion For Summary Judgment (docket no. 33) by defendants Lamp and the State of Iowa. Both motions seek summary judgment in the defendants' favor on the remaining state tort claims and the federal constitutional claims on the grounds that there are no

---

[1] I indicated in that ruling that the State of Iowa was substituted for both individual defendants on the state tort claims, but the parties have since clarified that defendant Dorhout-Van Engen was a municipal police officer, not a state law enforcement officer, so that the State of Iowa cannot properly be substituted for her.

genuine issues of material fact as to the merits of those claims or the defendants' qualified immunity, where applicable. Resistances and replies followed in due course. No party has requested oral arguments in the manner required by applicable local rules. I find that oral arguments are not necessary in light of the record and briefing submitted by the parties.

I conclude that the Wilsons have pointed to evidence generating genuine issues of material fact on their claims, as to both the merits and qualified immunity for the federal constitutional claims. *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) (to survive summary judgment, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)); *see also Johnson v. Crooks*, 326 F.3d 995, 1005 (8th Cir. 2003) (explaining that a fact is material when it "'might affect the outcome of the suit under the governing law'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Those genuine issues of material fact include, but are not limited to, the following: whether the officers' decision to stop Levi Wilson's truck was reasonable or based on nothing more than a "hunch" that David Wilson might be in or driving it, including what the officers did or did not know about Levi's and his son's presence in the park; the reasonableness of the officers' belief that the driver of the truck might be dangerous to justify approaching it with guns drawn, including whether or not Officer Dorhout-Van Engen had ever been threatened by David or Levi Wilson and whether the officers were justified in believing that David Wilson was a "fleeing felon," where none of the offenses for which he had been convicted or was then being sought was a felony; when and how long any firearm was pointed at M.W.; whether a third officer was present and kept a gun trained on the occupants of the truck during the stop and search, as Levi asserts; the reasonableness of

patting down Levi Wilson, the force used, and the manner in which the pat-down or search was done; whether the conduct of the officers was unreasonable and/or outrageous; and whether, and to what extent, Levi and M.W. may have suffered post-traumatic stress disorder (PTSD) as a result of the incident on September 23, 2014.

While a jury ultimately may not find all or any of the Wilsons' evidence credible, it is not for me to determine credibility on a motion for summary judgment. *See Torgerson*, 643 F.3d at 1042 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Rather, I find that, taking the record as a whole, and viewing the facts in the light most favorable to the Wilsons, a reasonable jury could find for the Wilsons on their claims. *Id*.

THEREFORE, upon the foregoing,

1. Defendant Dorhout-Van Engen's September 1, 2016, Motion For Partial Summary Judgment (docket no. 32) is **denied**; and

2. The September 16, 2016, Motion For Summary Judgment (docket no. 33) by defendants Lamp and the State of Iowa is **denied**.

**IT IS SO ORDERED**.

**DATED** this 7th day of November, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA